**In re Nezzy ADDERLY, Petitioner.**

**No. 11-3921.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P.

Nov. 10, 2011.

Filed: Dec. 1, 2011.

Nezzy Adderly, Fort Dix, NJ, pro se.

Alicia M. Freind, Esq., Paul Mansfield, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Before: SCIRICA, SMITH and CHAGARES, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM.

In 2007, Nezzy Adderly pleaded guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced as an armed career criminal to a mandatory minimum of one-hundred eighty months of imprisonment. *See* 18 U.S.C. § 924(e). We affirmed his judgment of conviction and sentence. C.A. No. 07-3753. In 2009, Adderly filed a motion under 28 U.S.C. § 2255, which the District Court denied as meritless. We denied a certificate of appealability. Adderly also filed a motion for reconsideration, which the District Court denied. We dismissed his appeal for lack of jurisdiction on January 26, 2011. C.A. No. 10-3791.

While his appeal of the District Court's denial of his motion for reconsideration was pending, Adderly filed a motion to reopen in the District Court in November 2010. Adderly then filed a motion to amend his motion to reopen on March 14, 2011. On October 25, 2011, Adderly filed a pro se mandamus petition with this Court, seeking to compel the District Court to rule on his motion to reopen.

Mandamus is a drastic remedy available in only the most extraordinary circumstances. *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir.2005). "A

petitioner seeking the issuance of a writ of mandamus must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir.1996). Although we may issue a writ of mandamus when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," *Madden*, 102 F.3d at 79, the manner in which the district court controls its docket is discretionary, *see In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir.1982).

The District Court has yet to rule on Adderly's motion to reopen. However, we conclude that this does not constitute a failure to exercise jurisdiction. We are confident that the District Court will rule on Adderly's pending motion to reopen without further delay. Accordingly, we will deny Adderly's mandamus petition.